## TOMPKINS *vs.* TOMPKINS' EXECUTORS.

1. A father is bound to support his infant children, if of sufficient ability to do so, though they have estates of their own, given expressly for their maintenance; if he is not able to support them, so much of the income of such estates as is necessary, will be ordered to be applied to that purpose, though bequeathed with directions to be accumulated during minority.

2. Where infant children have, by their father, filed their bill alleging his inability to support them, and praying income from their estates for that purpose, the fact of their father's ability will be inquired into and determined by the court; the admissions of the answer are not sufficient.

*Mr. J. W. Taylor*, for complainants.

*Mr. Ranney*, for defendants.

THE CHANCELLOR.

In this case Elias Tompkins, by his will, gave to the children of his son, Daniel F. Tompkins, a certain portion of the residue of his estate; this he directed his executors to invest for the benefit of the children of Daniel, and to divide the same equally between them as they shall respectively come to the age of twenty-one years. The complainants, Abigail and Emma Tompkins, are the only children of Daniel, and are infants, under the age of fourteen. The bill is filed by them through their father, as next friend, against the executors of the will of Elias Tompkins.

The bill alleges that the share of the estate of their grandfather, Elias Tompkins, that will come to them, is very large; that it will amount to about fifteen thousand dollars; that their father's means are limited, yielding little or no income; that his means for the support of himself and family are derived from the fruits of his business and his personal exertions, and are scanty and precarious; and that he has not the ability to support the complainants according to their condition in life, their fortune, and expectations. The bill prays

that the defendants may be directed to pay the income of their portion to their father, who has been duly appointed guardian of their estates, for their support. '

The answer admits the facts stated in the bill, except as to the amount of the share of the complainants, which it states is between ten and fifteen thousand dollars.

The legacy in this case is vested in the complainants; and this court has power to order the income of it to be paid for the support of the children in a proper case.

The settled rule with regard to the support of infants is, that if their father is living, and is of sufficient ability, he is bound to support them, notwithstanding they may have estates of their own; even when such estates are given expressly for their maintenance. But when the father is not of sufficient ability to support them, or to support them according to their situation and expectations, this court will order so much of their own income to be applied to that purpose, as is necessary; and this will be done, even when the property is bequeathed to them with directions to be accumulated during minority.

But the fact of the father's ability must be inquired into and determined by the court; the admissions of the defendants are not sufficient. The bill, though in the name of the children, is essentially the bill of the father for his own relief. The children are too young to have any discretion in the matter, and must be considered as under their father's influence. It must be referred to a master to inquire and report what are the ages of the complainants respectively, what is the amount that they will be entitled to out of their grandfather's estate, and what is the income of their father.

Upon this report, the proper order will be made by this court.